# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIANA E. CANTU,

       Appellant,

       v.

DEPARTMENT OF HOMELAND
  SECURITY,

       Agency.

DOCKET NUMBER
DA-0752-15-0313-I-1

DATE: February 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jose Salvador Tellez, Esquire, Laredo, Texas, for the appellant.

Cheryl Ezra, Esquire, and Jennifer Sims, Esquire, Laredo, Texas, for
    the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant served as a GS-12 Supervisory Seized Property Specialist at the Department of Homeland Security, U.S. Customs and Boarder Protection.  Initial Appeal File (IAF), Tab 5 at 59.  The agency proposed and effectuated the appellant's removal based on two charges:   (1) conduct unbecoming and (2) misuse of the TECS law enforcement database.[2]  *Id*. at 12-13, 22-23.  The conduct unbecoming charge was based on the appellant's actions during and after U.S. Marshals came to her house to take her adult son into custody.  *Id*.  Specifically, the agency alleged that the appellant was not truthful with the U.S. Marshals when she told them she had no information about her son's whereabouts, and then later admitted to investigators that she had lied.  *Id*. at 22.  The agency also alleged that the appellant further hindered the U.S. Marshals' search by alerting her son's girlfriend of the on-going search, and advising her to delete her phone logs.  *Id*.  In the second charge, the agency alleged that the

---

[2] TECS is a computer-based system that provides access to law enforcement files of common interest, on-line access to the Federal Bureau of Investigation's National Crime Information System, and an interface with the National Law Enforcement Telecommunications System.  IAF, Tab 5 at 6.

appellant had used the agency's TECS law enforcement database to query herself, her son, and her daughter without authorization and not as part of her official duties. *Id.*

¶3    The appellant appealed her removal to the Board and requested a hearing. IAF, Tab 1.  After the hearing, the administrative judge affirmed the removal. IAF, Tab 19, Initial Decision (ID).  In the initial decision, the administrative judge sustained the charge of misusing TECS, noting that the appellant had stipulated to having conducted unauthorized searches in the TECS database.  ID at 8.    He similarly sustained the conduct unbecoming charge because the appellant had admitted to the essence of the underlying conduct at the hearing and in the agency's official investigation.  ID at 7.  The administrative judge also found that the agency had shown nexus between both charges and the efficiency of the service, that removal was a reasonable penalty, and that the appellant had failed to meet her burden of establishing her affirmative defense of sex discrimination.  ID at 8-16.

¶4    The appellant has filed a petition for review to which the agency has responded in opposition.  Petition for Review (PFR) File, Tabs 1, 3.  On review, the appellant alleges that the administrative judge wrongly failed to hear her motion to compel the agency to respond to discovery requests.  PFR File, Tab 1 at 7.  She also alleges that the administrative judge erred in finding nexus between her off-duty conduct and the efficiency of the service.  *Id.*  Finally, the appellant alleges that the deciding official improperly weighed the *Douglas* factors[3] and wrongly considered her conduct unbecoming as intentional when assessing the seriousness of the offense.  *Id.*

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

<u>The administrative judge properly found that the agency proved both charges.</u>

¶5        On review, the appellant argues that the initial decision should be reversed and she should be reinstated to service with the agency. PFR File, Tab 1 at 7. To the extent she is challenging the administrative judge's decision to sustain both charges, we agree with the administrative judge that the agency proved the charges. ID at 7-8.

¶6        To prove a charge of conduct unbecoming, an agency is required to demonstrate that the employee engaged in the underlying conduct alleged in support of the broad label. *Scheffler v. Department of Army*, 117 M.S.P.R. 499, ¶ 4 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). The Board has found that an appellant's admission can suffice as proof of the charge without additional proof from the agency. *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014). The appellant admitted that she "did lie to [the U.S. Marshals] in regards to [her son's] whereabouts," and, shortly thereafter, phoned her son's girlfriend and advised her to erase all phone logs. ID at 7; IAF, Tab 5 at 60-62. She further admitted that her misconduct was motivated by a desire to protect her son from jail and herself from getting into trouble with the law or at work. ID at 12; IAF, Tab 5 at 61-62. We agree with the administrative judge that these admissions constitute sufficient proof of the conduct underlying the conduct unbecoming charge. ID at 7-8.

¶7        We also agree with the administrative judge that the appellant's stipulation that she accessed information about herself and her family members in TECS without authorization is sufficient to prove the charge of misusing TECS. ID at 8; *see Anderson v. Tennessee Valley Authority*, 77 M.S.P.R. 271, 275 (1998) (stating that parties may stipulate to any matter of fact and the stipulation will satisfy a party's burden of proving the fact alleged); 5 C.F.R. § 1201.63. Accordingly, we find no reason to disturb the administrative judge's finding that the agency proved both charges.

<u>The administrative judge did not fail to hear the appellant's motion to compel.</u>

¶8    In her petition for review, the appellant alleges that the administrative judge improperly refused to hear her motion to compel discovery responses from the agency concerning discipline issued to similarly situated individuals.  PFR File, Tab 1 at 7.  However, the Board's regulations state that motions to compel must be in writing, filed with the administrative judge, and served on the other parties.  5 C.F.R. §§ 1201.55(a), 1201.73(c).  The appellant does not assert that she filed a motion to compel, and the record reflects that the appellant did not submit any motion regarding discovery matters to the Board.  Furthermore, the record reveals that the administrative judge granted the appellant's request for additional time to file her prehearing submissions concerning comparators, and he also advised the appellant of the requirements for seeking a continuance of the hearing.   ID at 9 n.5; IAF, Tab 16, Tab 17 at 8.   Therefore, the appellant's argument is unavailing.

<u>The appellant failed to prove her affirmative defense of sex discrimination.</u>

¶9    In the initial decision, the administrative judge found that the appellant failed to prove her affirmative defense of sex discrimination because she had not produced any evidence that a similarly situated employee was treated more favorably, or any other evidence supporting her claim of sex discrimination.  ID at 8.  The appellant does not challenge this on review, and we find no reason to disturb the administrative judge's finding.[4]

<u>The administrative judge correctly determined that the removal promotes the efficiency of the service and does not exceed tolerable limits of reasonableness.</u>

¶10    The appellant does not challenge the administrative judge's finding that the agency proved nexus between the misuse of TECS and the efficiency of service.

---

[4] After the initial decision was issued, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which the Board analyzes claims of sex discrimination.  *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015).  We find that applying the analytical framework in *Savage* would not change the result in this case.

However, the appellant contends that the administrative judge erred in finding nexus between her conduct unbecoming and the efficiency of service because the misconduct was off-duty. PFR File, Tab 1 at 7.

¶11 An agency bringing an adverse action must prove that there is a nexus, i.e. a clear and direct relationship between the articulated grounds for the adverse action and either the employee's ability to accomplish her duties satisfactorily or some other legitimate Government interest. *Scheffler*, 117 M.S.P.R. 499, ¶ 9. An agency may show nexus between off-duty conduct and the efficiency of service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's job performance or the agency's trust and confidence in his job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987).

¶12 We agree with the administrative judge that the agency presented preponderant evidence under the second category of the specific impact of the appellant's off-duty misconduct on the agency's trust and confidence in her job performance as a Supervisory Seized Property Specialist. ID at 10-11. The deciding official provided unrebutted testimony that the appellant's position involved sensitive duties such as handling seized property, including illegal drugs, and participating in criminal and civil matters arising from the seizure of property. ID at 12; Hearing Compact Disc (HCD). He also testified that integrity was essential to her ability to perform the job duties and that, as a result of her conduct, he had lost confidence in her ability to successfully perform the duties of her position. ID at 10-11; HCD. Accordingly, we find no reason to disturb the administrative judge's finding that the agency proved nexus between the appellant's off-duty conduct and the efficiency of service. ID at 10-11; *see, e.g.*, *Scheffler*, 117 M.S.P.R. 499, ¶ 13 (holding that unrebutted testimony establishes

the requisite nexus between the appellant's misconduct and the efficiency of service).

¶13    In her petition for review, the appellant argues that the deciding official and the administrative judge misapplied the *Douglas* factors. PFR File, Tab 1 at 7. Where, as here, all of the agency charges are sustained, the Board will review the agency-imposed penalty only to determine whether the agency considered the relevant *Douglas* factors and exercised management discretion within the tolerable limits of reasonableness. *See Ellis v. Department of Defense*, [114 M.S.P.R. 407](#), ¶ 11 (2010). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeds the bounds of reasonableness. *Id.* However, if the deciding official failed to appropriately consider the relevant factors, the Board need not defer to the agency's penalty determination. *See id.*

¶14    The administrative judge found that the deciding official properly considered the relevant *Douglas* factors and that the penalty of removal did not exceed the bounds of reasonableness. ID at 12. He noted that the deciding official considered mitigating factors, including the appellant's job performance and lack of discipline, but appropriately found that they did not outweigh the seriousness of the offense, and that alternative discipline was not appropriate. ID at 16.

¶15    The record shows that the deciding official explained his *Douglas* factors analysis in the decision letter, IAF, Tab 5 at 13, and testified in detail about his decision–making process at the hearing, HCD. The deciding official stated that the appellant's duties were sensitive, that her conduct could negatively impact the agency's relationship with law enforcement agencies, and that he had lost confidence in her ability to perform her duties. IAF, Tab 5 at 13; HCD. The

deciding official also found that the penalty of removal was consistent with the agency's Table of Offenses and Penalties.  IAF, Tab 5 at 13.

¶16    The administrative judge found that the deciding official properly construed the appellant's misconduct as intentional for purposes of assessing the seriousness of her conduct under *Douglas*.  ID at 12-14; IAF, Tab 5 at 12-13.  On appeal, the appellant argues that the administrative judge erred when he did not credit her testimony that she was too panicked and disoriented to be truthful to the U.S. Marshals.  PFR File, Tab 1 at 7.

¶17    As noted in the initial decision, to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering relevant factors.  ID at 12-13; *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (providing a nonexhaustive list of credibility factors).  The administrative judge found that the appellant's testimony was inherently improbable in light of the circumstances surrounding her conduct and her own contradictory testimony. ID at 12.  In support of this finding, the administrative judge reasoned that the appellant could not have been surprised that the U.S. Marshals came to her house looking for her son because her son had warned her, 1 week prior, that it was "only a matter of time" before law enforcement came looking for him and she had deleted her son's texts as a result of that warning.  *Id*.  The administrative judge also considered that, during the several hours that the U.S. Marshals were at her residence, the appellant was calm enough to attend to her grandchildren's needs, and provide truthful information to the U.S. Marshals about her son's friends and her Federal employment.  *Id*.  He noted that the appellant admitted that it was only regarding her son's whereabouts that she was not truthful.  *Id*.  The administrative judge also noted that within just minutes after the U.S. Marshals departed, the appellant had the presence of mind to call her son's girlfriend and direct her to delete her phone logs.  ID at 14.  Finally, the administrative judge

considered the appellant's own testimony that she withheld information from the U.S. Marshals and alerted her son's girlfriend of the U.S. Marshals' search because she wanted to prevent her son from going to jail and herself from getting into to trouble with the law or at work. ID at 12-14. We agree with the administrative judge that the weight of the evidence shows that the appellant's off-duty misconduct was intentional. ID at 14.

¶18 The administrative judge also considered the appellant's argument that the penalty of removal was inconsistent with penalties imposed to similarly situated employees. *Id*. He noted that the appellant failed to provide any evidence that other employees were treated more favorably, and that even nonsupervisory employees had been removed for a first offense of misuse of TECS. ID at 15.

¶19 Under the circumstances of this case, we agree with the administrative judge that the deciding official properly weighed the relevant *Douglas* factors, and the penalty of removal did not exceed the tolerable limits of reasonableness. Based on the foregoing, we affirm the initial decision sustaining the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                                 _____

                                                    William D. Spencer

                                                      Clerk of the Board

Washington, D.C.